1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9 UNITED STATES OF AMERICA,            CASE NO. CR F 80-0107 LJO
                                            CV F 11-1307 LJO
10            Plaintiff,           **ORDER DEFENDANT'S 28 U.S.C. § 2255**
                                            **MOTION TO VACATE, SET ASIDE OR**
11     vs.                             **CORRECT SENTENCE**
                                            (Doc. 136 and 137)
12 PERCY JAMES PEARCE,

13           Defendant.
                                        /
14

15 <u>**Overview**</u>

16       Percy James Pearce ("Mr. Pearce") is a former federal prisoner who filed motions the Court will

17 construe as made pursuant to 28 U.S.C. §2255. Mr. Pearce seeks: (1) to withdraw his guilty plea entered

18 in 1980, and (2) some form of relief related to withdrawal of his guilty plea, procedurally defective

19 appeals, government interference with appeals and other government misconduct.

20       In 1980, Mr. Pearce was charged in a single count Indictment with armed robbery. He plead

21 guilty on December 30, 1980 and was sentenced to 25 years in custody. In multiple motions for relief

22 pursuant 28 U.S.C. § 2255 ("section 2255") and numerous appeals to the Ninth Circuit,[1] Mr. Pearce

23 ultimately was denied his request to withdraw his plea and his claims of ineffective assistance of counsel

24 and prosecution misconduct. His conviction was affirmed on appeal.

25       The case's decades long procedural, post-conviction and sentencing history is capsulized in an

26

27        [1] At least three appeals were taken, with decisions in *U.S. v. Pearce*, 884 F.2d 1396 (9th Cir. 1989) (unpublished))
("Pearce I"); *U.S. v. Pearce*, 992 F.2d 1021 (9th Cir. 1993) (unpublished) ("Pearce II"); and *U.S. v. Pearce*, 50 F.3d 18 (9th
28 Cir. 1995) (unpublished)) ("Pearce III").

1

order on May 22, 2003 in one of Mr. Pearce's several prior motions for section 2255 relief. (Doc. 133.) Mr. Pearce was released on conditions in 2002. From the statements in the moving papers, it appears that his release status was revoked in 2006. (Doc. 137 p.1-2.) The Court's docket does not indicate that Mr. Pearce was returned to custody, and apparently, Mr. Pearce is not currently in custody. (See Doc. 136, and 137, return addresses.)

## Successive Section 2255 Motions

The Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. §2255 to impose restrictions against filing successive motions to correct, vacate or set aside a federal prisoner's sentence. A second or successive motion can be heard only if it involved newly discovered evidence that is potentially dispositive or a new rule of constitutional law that the United Stated Supreme Court made retroactive to cases on collateral review. 28 U.S.C. §2255. Moreover, before a prisoner can pursue a "second or successive" section 2255 motion, he must obtain authorization from the Court of Appeals. See 28 U.S.C. §2244. As amended, section 2255 provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Mr. Pearce's current motion is a successive motion seeking to modify, set aside, or correct his sentence. Before a second or successive application is filed in the district court, the applicant must move the appropriate Court of Appeals for an order authorizing this Court to consider the application. 28 U.S.C. §2244(b)(3)(A).

Mr. Pearce has not obtained permission from the Ninth Circuit Court of Appeals to file the application in this Court. Therefore, this Court is without the authority to consider this motion. Mr. Pearce must petition the Court of Appeals for leave to file this motion. Accordingly, this motion will be dismissed.

2

Mr. Pearce seeks to fit within the limited exceptions by claiming the same arguments are "new evidence" or based upon a "new rule of constitutional law." The arguments are the same arguments he has made from 1980 to the present and which have been decided in multiple proceedings. To the extent it may be of assistance, this Court reviews the "new" evidence.

### 1. Typographical Error is not New Evidence

As in the prior section 2255 motions, the current motions before the Court seek to withdraw the 1980 guilty plea on the grounds that it was coerced. He argues "newly discovered" evidence, shown to him at his 2006 parole hearing, regarding some erroneous use of the term "illicit" for "elicit," was "proof that exculpated the defendant." (Doc. 137 p.3.) Mr. Pearce argues that during his prior proceedings for entry of conviction, a typographical error in the evidentiary hearing transcripts was seized upon by the government as an admission of Mr. Pearce's guilt. (Doc. 136 p.4.) Mr. Pearce characterizes this evidence as "new."

This evidence is not "new" evidence. The transcript with the "error" and the government's use of the error was known to Mr. Pearce at least by 1991. (See Doc. 136 p.4.) Evidence known to Mr. Pearce long ago is not new evidence.

### 2. Challenge to the Appeals Panel in *Pearce III*

Mr. Pearce also challenges the panel judges who decided his 1995 appeal. (Doc. 136 p.5.) He argues that "a motions panel judge cannot also sit as a merits panel judge on the same direct appeal." He argues that the panel incorrectly and improperly converted his direct appeal of the denial of his motion to withdraw his guilty plea, into a collateral attack on his conviction under section 2255.

Again, this is not "new"evidence. This is the same, basic argument Mr. Pearce has made in all proceedings. The gist of Mr. Pearce's attack on the appellate court's decision, and indeed on the underlying guilty plea, is that the evidence shows his guilty plea was coerced and not voluntary.

Relief is precluded on a section 2255 claim that was raised and decided in the movant's direct appeal. See, e.g., *United States v. Scrivner*, 189 F.3d 825, 282 (9th Cir.1999); *United States v. Redd*, 759 F.2d 699, 701 (9th Cir.1985). A federal habeas petitioner procedurally defaults all claims which are not raised in his direct appeal, other than claims asserting the petitioner was deprived of the effective

assistance of counsel. *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993).

In *Pearce III (U.S. v. Pearce,* 50 F.3d 18 (9th Cir. 1995) *(unpublished)),* the Ninth Circuit considered Mr. Pearce's claims of the involuntary nature of his guilty plea and the adequacy of counsel's advice. *Pearce III*, 50 F.3d at 18. He raised several claims of misconduct by the prosecution, by his counsel and by the U.S. Marshal's service, among other claims. The Court considered these claims, ruled against Mr. Pearce and stated,"We reject as frivolous any claim not specifically addressed in this memorandum disposition." Thus, the Court considered claims related to the voluntariness of the guilty plea.

Further, Mr. Pearce argues that Judge Sneed should not have been on the panel. This Court, however, does not have the power to rule on the proper composition of an appellate panel. Mr. Pearce has not cited to any authority for this Court to so rule on panel composition.[2]

Mr. Pearce has had his opportunity to challenge the denial of withdrawing of his guilty plea. In *Pearce II*, (*U.S. v. Pearce*, 992 F.2d 1021 (9th Cir. 1993)), Mr. Pearce was permitted to take a fresh appeal to challenge his conviction. In *Pearce III*, the Court decided the merits of Mr. Pearce's claims. Whether he raised all of the issues during this appeal, is not for this Court's resolution.[3]

### 3. Adequacy of the evidentiary hearing

Mr. Pearce challenges the evidentiary hearing held in response to *Pearce I*. (*U.S. v. Pearce*, 884 F.2d 1396 (9th Cir. 1989) (unpublished).) In *Pearce I*, Mr. Pearce challenged denial of his section 2255 motion for counsel's failure to appeal the denial of his motion to withdraw his guilty plea and counsel's failure to appeal directly. The Court remanded the case for reconsideration and possible evidentiary hearing on effective assistance. On remand, Mr. Pearce characterizes the evidentiary hearing as "a five minute hearing."

---

[2] Mr. Pearce also argues that Judge Sneed, one of the panel judges, was prejudiced. (Doc. 136 p. 10-11.) The Court will not address this issue. If the Court were to reach the merits of this motion, which it does not, the issue would be whether Mr. Pearce has shown he was unconstitutionally detained, as it relates to the voluntariness of his guilty plea. Mr. Pearce does not explain how empaneling Judge Sneed in 1995 affected the voluntariness of his guilty plea in 1980.

[3] Mr. Pearce now argues that the government had used "perjury and obstruction of justice" in bringing parole violations so he could not challenge his guilty plea. (Doc. 136 p. 7.) Mr. Pearce does not explain how his parole violations in 2006, affected the voluntariness of his guilty plea in 1980.

This is not "new" evidence. It is not for this Court to re-reconsider the evidentiary hearing after remand in *Pearce I*. After the evidentiary hearing, Mr. Pearce thereafter appealed, on two different occasions, the events arising from his plea and conviction. See *Pearce II (U.S. v. Pearce*, 992 F.2d 1021 (9th Cir. 1993) and *Pearce III (U.S. v. Pearce*, 50 F.3d 18 (9th Cir. 1995)).

### 4. Adequacy of Counsel during Plea

Mr. Pearce argues that he did not have adequate counsel, which justifies the withdrawal of his guilty plea.

Again, this is not "new" evidence. Mr. Pearce raised nearly this identical issue in his appeal in *Pearce III*. The Court in *Pearce III*, considered Mr. Pearce's arguments of adequacy of counsel. These precise issues were issues previously litigated at the trial court level and through various appeals. The Court will not consider these arguments.

In short, each of the bases for defendant's current challenge to his armed robbery conviction was litigated previously, and is not based on "new evidence" or "new rule of constitutional law."

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES Mr. Pearce's section 2255 Motion as a successive motion and DENIES a certificate of appealability. The clerk is directed to close Case No. CV F 11-1307 LJO.

IT IS SO ORDERED.

**Dated:     September 22, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE